767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CAROL WHITE, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1369
 United States Court of Appeals, Sixth Circuit.
 6/4/85
 
 E.D.Mich.
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES COURT OF APPEALS FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KEITH and MARTIN, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Carol White appeals from an order of the district court which affirmed the final decision of the Secretary denying her claim for social security disability benefits.
 
 
 2
 At the time of the hearing, White was twenty-seven years old. She has a twelfth-grade education, and she has worked in the past as a nurse's assistant. Her job as a nurse's assistant required her to life up to one hundred pounds and to bend and reach frequently. On August 2, 1980, White took a medical leave of absence from her job, complaining of severe asthma and hypertension. She returned to work in March 1981, but worked less than two months before quitting due to medical problems.
 
 
 3
 On August 17, 1981, White filed an application for social security disability insurance benefits. She alleged that she became unable to work on August 2, 1980 due to severe asthma, Cushing's Syndrome, hypertension, pedal edema, and depression. The application was denied initially and on reconsideration. A hearing was held before an administrative law judge who concluded that White was not disabled. White sought review in the district court, and the matter was referred to a magistrate. The magistrate concluded that the Secretary's decision was not supported by substantial evidence, but the district judge rejected the magistrate's recommendation. From the decision of the district court, White appeals.
 
 
 4
 White has a lengthy medical history. White was hospitalized for four days in February 1980, prior to the onset of disability. She was discharged with a final diagnosis of pelvic pain, right ovarian cyst, and pelvic congestion. On August 2, 1980, White was hospitalized after becoming acutely dyspneic, with exacerbated wheezing. An examination revealed prolonged expiration and wheezing. White was discharged on August 9, 1980. On August 25, 1980, she again was hospitalized for complaints of dyspnea and wheezing. She was discharged on September 2, with a final diagnosis of asthmatic bronchitis. White was re-hospitalized from October 5 through 19, 1980. Again, the diagnosis was acute bronchial asthma. She returned to the hospital on November 11, 1980, with complaints of wheezing. White was hospitalized from January 24 through 28, 1981 for recurrent asthmatic attacks. White was hospitalized on March 31, 1981, at which time she was described as a 'Cushingoid appearing female.' Again, the diagnosis was bronchial asthma. In May 1981, White came under the care of Dr. Robert Lechy. His diagnosis was hypertension, asthma, hypoglycemia by history, and mitral valve prolapse by history.
 
 
 5
 White was hospitalized at the Psychiatric Center of Michigan Hospital from June 3 through July 17, 1981. The final diagnosis was depressive neurosis, Cushing's syndrome, passive-aggressive personality disorder, and bronchial asthma by history. Her mental status examination revealed that she was coherent and showed no hallucinations, delusions, or obsessions.
 
 
 6
 In July 1981, White again was admitted to the hospital and released with a diagnosis of asthma and hypertension. She was referred to Dr. John Lesesne, who instructed her to avoid house dust, feathers, and other respiratory irritants. White resumed treatment under the care of Dr. Lechy, who on August 13, 1981, reported that White was 'severely ill.' Dr. Lechy reported that White was suffering from acute asthma, Cushing's Syndrome, severe hypertension, pedal edema, and severe depression. He indicated that some of White's ailments were attributable to the large dosages of steroids that she was taking for her asthma. Dr. Lechy concluded that White was totally disabled.
 
 
 7
 In August 1981, White saw Dr. Lesesne on two occasions. Dr. Lesesne concluded that White's bronchial asthma was not of disabling severity. White reported at that time that she had virtually no asthma, but that she was experiencing headaches, nausea, and pain and swelling of her joints.
 
 
 8
 Dr. Muford Bahnam Al-Najjar conducted a psychiatric examination of White in September 1981. Dr. Al-Najjar did not detect any psychiatric disorder, and he noted that White was not fearful or depressed looking and she had a logical stream of thought. Dr. Normita Vicencio also examined White in September 1981, and Dr. Vincencio noted the existence of Cushing's Syndrome but concluded that the symptoms were well controlled by medication.
 
 
 9
 White was rehospitalized in January 1982. A neurologist, Dr. Foster Redding, examined White for complaints of severe headache and nausea. Dr. Redding noted decreased sensitivity on the left side of the body and concluded that White suffered from a complex type of headache, possibly a variant of a migraine. Dr. Redding also noted the possibility of a psychogenic headache triggered by muscle tension.
 
 
 10
 In May 1982, Dr. Lechy reported that White suffers from asthma, possible endocrine abnormality, hypertension, and severe depression. It was his opinion she was totally disabled, but he noted that her depression 'is resolving nicely with counseling and/or medical treatment.'
 
 
 11
 On appeal, White claims that there is no substantial evidence to support the Secretary's conclusion that White is capable of performing sedentary work. White also claims that the Secretary erred in applying the grids because White suffers from non-exertional impairments--pain and depression.
 
 
 12
 We agree with the report and recommendation of the magistrate. The record lacks substantial evidence to support the conclusion that the claimant is not disabled. To the contrary there is ample substantial evidence to support the conclusion that Mrs. White is severely disabled.
 
 
 13
 The decision of the district court is reversed, the case remanded to the district court with instructions to further remand the case to the Secretary for the award of benefits.